BARTOLA COLLAZO ET AL., Plaintiffs and Appellants, *v.* EUDOSIA MOURIÑO ALVARADO ET AL., Defendants and Appellees.

No. 6769. Argued January 14, 1935.—Decided March 8, 1935.

*Ramón G. Goyco* and *Angel Fiol Negrón* for appellants. *Leopoldo Tormes García* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Bartola Collazo and her three legitimate daughters, as mother and sisters, respectively, of Pedro Juan Herrera Collazo, deceased, brought suit against Eudosia Mouriño Alvarado and the minor Pedro Juan Herrera Mouriño, who had been registered by Pedro Juan Herrera Collazo in the civil registry some years before the latter's death as his son born during his marriage with Eudosia Mouriño Alvarado, and prayed that it be declared that such minor was not the legitimate child of said spouses and that consequently the judicial decision declaring the defendants to be the heirs of Pedro Juan Herrera Collazo should be set aside as being null and void.

The District Court of Ponce held that the complaint did not state facts sufficient to constitute a cause of action and therefore rendered judgment in favor of the defendants. One of the plaintiffs, Bartola Collazo, took the present appeal. Eleven months afterward the appellees moved that the appeal be dismissed and assigned three grounds therefor: because the transcript of the record should have been filed in this court within thirty days from the filing of the notice of appeal in accordance with the law, since the complaint having been dismissed for failure to state a cause of action it was not necessary for a decision of the appeal that the transcript of the evidence adduced at the trial be sent up to

this court; because as only one of the plaintiffs has appealed this court has no jurisdiction of the case, and the notice of appeal was not served on the other plaintiffs; and because the appeal is frivolous. At the time of the hearing of said motion, the necessary record to decide the same had already been filed before this court, and the transcript of the evidence formed part of said record.

At the commencement of the trial of this case in the court below, the parties argued the demurrer interposed to the complaint on the ground of insufficiency; and in order to avoid that the trial be postponed until that question was decided, they agreed and the court accepted that evidence be presented subject to a subsequent determination of the question relating to the sufficiency of the complaint. This question was decided by the court on the pleadings, without taking into consideration the evidence adduced. That is why, the evidence presented at the trial being unnecessary to decide the appeal, we dismissed the same, as the judgment roll was not filed within thirty days after the taking of the appeal, 47 P.R.R.\_\_\_\_\_.* Subsequently, we set aside that decision, because the transcript of the evidence contained certain amendments made by the parties to their pleadings, which were not presented in writing, 47 P.R.R.\_\_\_\_\_.*

 After a new hearing of the motion to dismiss, we have concluded that the same can not be sustained on the first ground above stated, because in order to determine whether or not the complaint states facts sufficient to constitute a cause of action we must consider the amendments made and they only appear in the transcript of the evidence. Hence, it was necessary in this case, given the attendant circumstances, that the transcript of the evidence be sent up to this court so that we might know the amendments it contains.

 Let us see now whether this court has jurisdiction to entertain the appeal taken by only one of the plaintiffs.

---

* NOTE.—For page number see "*Collazo* v. *Mouriño*," in "Table of Cases Cited in Opinions—Citations from Puerto Rico Reports," this volume.

We do not have to decide at this time whether, as the appellees say, an appeal taken by all the plaintiffs is necessary to give this court jurisdiction to decide the same, because, be that as it may, the truth is that the action, if it lies in this case, may be brought by any one of the plaintiffs without the concurrence of the others, for any one of the heirs of the minor's father may bring it. Consequently, any one of the persons suing as heir may appeal from the judgment rendered. Nor was it necessary to serve the notice of appeal on the other three plaintiffs, because they are not adverse parties as regards Bartola Collazo, for if we reversed the judgment appealed from, they would not be prejudiced by our decision.

Regarding the alleged frivolousness of the appeal, we are of the opinion that, in view of the importance of the question raised by the complaint, it is preferable that the appeal should be allowed to be perfected in order that we may have the benefit of the briefs of both parties to decide the same.

The motion to dismiss must be denied.